**AMERICAN NAT. INS. CO. v. RICH-ARDS et al.**

No. 5650.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1938.

Rehearing Denied April 29, 1938.

C. B. Prothro, of Shreveport, for appellant.

Isaac Abramson, of Shreveport, for appellee.

HAMITER, Judge.

A policy of insurance was written by plaintiff on the life of one Fannie Smith. Estella Taylor was originally named the beneficiary therein, but later Lucy Richards was regularly designated in her stead.

The insured died, and thereafter the insurer deposited the proceeds of the policy, or the sum of $170.00, in the registry of the district court and instituted this interpleader proceeding. Its petition alleges:

"6. Petitioner further shows that after the death and burial of the said Fannie Smith, it was served with a notice of an assignment of a portion of the proceeds of said insurance to the Cook Funeral Home, of the City of Shreveport, Louisiana; said assignment being in the amount of $82.50, and being dated March 8th, 1937, and having been purported to have been signed before R. J. Newsom, Notary Public, by the said Lucy Richards of date March 8th, 1937, and annexed hereto and made part hereof.

"7. Your petitioner now shows that the said Lucy Richards is claiming that the said assignment is illegal, null and void for various and sundry reasons, and has made claim on your petitioner for the full amount of the proceeds of said insurance, to-wit: $170.00, and has refused to accept less than this amount in full settlement of the proceeds of said policy; that the said Cook Funeral Home is likewise claiming the said sum of $82.50 as assignee of the funds payable under said insurance policy to this amount, and has served notice on your petitioner that the said assignment is legal and valid, and if petitioner pays out said amount to the said beneficiary it will be held legally responsible therefor."

Plaintiff prayed for service and citation on said Lucy Richards and Cook Funeral Home, and that it be relieved from any and all further liability and obligations under the terms of the policy.

Paul Cook, in the capacity of owner of Cook Funeral Home, answered the petition of interpleader and averred that his organization—"* * * is entitled to be paid the sum of Eighty-two & 50/100, ($82.50) Dollars, out of the proceeds deposited in this cause, in accordance with the assignment annexed to the petition of interpleader filed herein; that said assignment was made for good and valid consideration, namely, for the burial of the insured, Fannie Smith, and for the balance of the charges of which, the beneficiary, Lucy Richards, executed in favor of your respondent, the assignment annexed to the petition of interpleader." He prayed that his company "be deemed entitled to the sum of $82.50 out of the proceeds deposited in this cause".

The answer of Lucy Richards averred that the aforementioned assignment was null and void for the reason that it was obtained by fraud on the part of Cook Funeral Home, and, alternatively, because it was not supported by a good and valuable consideration. She prayed that the assignment be decreed null and void and that she be recognized as the rightful owner of the whole of the proceeds of the policy.

A trial of the case resulted in a judgment decreeing Paul Cook to be entitled to the sum of $82.50 out of the funds on deposit in the registry of the court; that Lucy Richards be paid the balance thereof; and that plaintiff be fully and finally discharged of all liability.

Lucy Richards appealed suspensively and devolutively from the judgment.

A motion to dismiss the appeal has been filed and urged here by Paul Cook predicated on the allegation that the amount involved is below the jurisdiction of this court.

 In our opinion, the mentioned motion is meritorious. As is disclosed by the pleadings of the parties and the evidence in the record, the amount in controversy is only $82.50, which is not within the jurisdictional limits of this tribunal as fixed by the Constitution of Louisiana (article 7, § 29).

Appellant argues and insists that the amount to be distributed is the test of jurisdiction. That is a correct statement of the law with reference to receivership and succession matters, and in proceedings of this nature where the dispute affects all of the funds proposed for distribution. However, in interpleader suits, according to our appreciation of the constitutional provisions and jurisprudence of this state, only that portion of the deposited fund which is the subject of conflicting claims is determinative of the jurisdictional question. If, in the instant case, the full amount deposited, or $170.00, had been contested, obviously this court would be vested with jurisdiction, for that sum is within our jurisdictional limits.

It was unnecessary for the insurer to deposit more than $82.50 of the insurance proceeds in the registry of the court, for it was only that amount which the Cook Funeral Home claimed. The balance was uncontroverted, and should have been paid direct to its rightful owner, Lucy Richards.

Considering, however, that the entire proceeds were deposited, she was entitled to an order, at any time after the filing of the respective pleadings, directing the Clerk of Court to pay to her that uncontested balance.

Suppose for the sake of argument that the proceeds and the deposit had exceeded $2000, or was for an amount within the jurisdiction of the Supreme Court, and the contest involved the same sum of only $82.50. Certainly it cannot correctly be said that the Supreme Court was vested with jurisdiction of the case by reason of the unwarranted deposit of said entire proceeds.

Jurisdiction of interpleader suits cannot be conferred by the depositing in the court's registry of funds over which there are no conflicting claims.

Appellee's motion is sustained, and the appeal is ordered dismissed.